An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JIMMELL AKERS,
Appellant,
vs.
RENEE LUCERO, MOTHER OF ALICIA
LUCERO AND MARC LUCERO; AND
JANA ANDERSON, MOTHER OF
KRISTIANE ANDERSON,
Respondents.

No. 63165

**FILED**

FEB 13 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order denying a motion to set aside a default judgment in a tort action. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Having considered the parties' arguments and the record on appeal, we agree with appellant that the district court abused its discretion in denying appellant's motion for NRCP 60(b) relief. *See In re Harrison Living Trust*, 121 Nev. 217, 222, 112 P.3d 1058, 1061 (2005) (reviewing an order denying relief under NRCP 60(b)(4) for an abuse of discretion). In particular, appellant's primary argument on appeal is that the default judgment against him was void because he was never served with respondents' amended complaint. *See Browning v. Dixon*, 114 Nev. 213, 218, 954 P.2d 741, 744 (1998) ("A default judgment not supported by proper service of process is void and must be set aside."); *Dobson v. Dobson*, 108 Nev. 346, 348, 830 P.2d 1336, 1337-38 (1992) (same); *Sawyer v. Sugarless Shops, Inc.*, 106 Nev. 265, 270, 792 P.2d 14, 17 (1990) (same); *cf. Randono v. Ballow*, 100 Nev. 142, 143, 676 P.2d 807, 808 (1984) (recognizing that an amended complaint is a distinct pleading that supersedes an original complaint). Respondents do not dispute that the

15-04949

default judgment would be void if appellant were not served with the amended complaint, but they instead contend that appellant was served with the amended complaint. Nothing in the record, however, supports this contention.[1] Thus, we agree with appellant that the default judgment was void. Because the default judgment was void, we conclude that the district court abused its discretion in denying appellant's motion to vacate the default judgment.[2] Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for further proceedings consistent with this order.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[1]In particular, even accepting respondents' argument that appellant, via his insurer, had consented to service of process by mail, the district court minutes from the September 6, 2012, hearing do not support a conclusion that the amended complaint was served on appellant by mail.

[2]We note respondents' argument that appellant's insurer entered into a binding settlement agreement with respondents on appellant's behalf wherein appellant agreed that a default judgment would be entered against him. This argument, however, is not directly relevant to the issue presented in this appeal, which is whether the default judgment was void for nonservice of process.

cc: Hon. David B. Barker, District Judge
John Walter Boyer, Settlement Judge
Schuetze & McGaha, P.C.
Hutchison & Steffen, LLC
Law Office of David Sampson
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A